Argued February 28 reversed and remanded with instructions May 8, 1978

HARGENS, *Appellant,*

*v.*

STATE ACCIDENT INSURANCE FUND,

*Respondent.*

(No. 77-858, CA 9492)

578 P2d 495

Roger Gould, Coos Bay, argued the cause for appellant. With him on the brief were Bedingfield, Joelson, Gould & Barron, Coos Bay.

Earl M. Preston, Associate Counsel, State Accident Insurance Fund, Eugene, argued the cause for respondent. On the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem, and W. D. Bates, Jr., Eugene.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

In this Workers' Compensation case, claimant claims permanent total disability because of a psychological condition arising out of a compensable injury. The Workers' Compensation Board's Closing and Evaluation Division granted claimant a 10 percent permanent partial unscheduled low back disability award. The referee increased the award to 30 percent unscheduled permanent partial disability. The Board, on review, reinstated the original award, and the circuit court affirmed. Claimant appeals.

Claimant sustained a compensable injury March 10, 1975, when she was employed as a motel laundry room worker. The 10 percent determination order was entered May 3, 1976.

Since the injury, claimant complains of disabling pain in the low back and left leg and feels that she is precluded from returning to her former work. Examining physicians have found little, if any, physical basis for her low back disability. Dr. Adams had treated claimant for an earlier back injury suffered at the same work site while claimant was employed at a somewhat more strenuous job. He believed that claimant suffered mechanical low back pain due to obesity, poor abdominal muscle tone and lumbar lordotic posture. He forecast further back problems when he recommended closure of her original claim.

No permanent award arose out of the earlier claim. Claimant returned to work with lighter duties.

After her reinjury, claimant was examined by Drs. Adams, Lindsey and Golden. They determined that her injuries did not involve any neurologic problems. Adams continued to cite poor posture, obesity and very poor muscle tone as the most significant contributors to her continued pain. Adams and Golden both noted marked functional overlay when they examined her.

Finally, claimant was examined by Dr. Maltby, a psychiatrist. He wrote:

"In my opinion, this lady should be diagnosed as Conversion (Compensation) Neurosis. The injuries she describes are not the cause of this neurosis, but rather they offer her an opportunity to become physically disabled as a means of solving some of life's problems. It also allows her to retire at age 49 without inviting criticism, something which she might have secretly wished to do after working hard most of her life. This is a psychological mechanism which occurs at a *subconscious* level and does not imply malingering * * *. An orthopedist would be better qualified to give an opinion as to whether her low back pain is the result of her obesity, poor posture and lack of muscle tone, or whether it is the result of straining her back at work, and to which of the two injuries it might be related." (Emphasis in original.)

The picture which emerges is that of a 49-year-old claimant who suffered a real industiral injury and who experiences continuing distress from it, the full extent of which is virtually impossible to assess because certain emotionally-motivated behavior on the claimant's part prevents an objective evaluation.

The referee ruled:

"Although the psychiatrist has stated that the injuries are not the cause of the neurosis, it seems obvious * * * that but for the accident claimant would have continued working, and I so find. This is sufficient causal connection under *Patitucci v. Boise Cascade Corp.,* 8 Or App 503, 495 P2d 36 (1972).

"The finding that a neurosis is compensable does not dictate a conclusion of permanent total disability. The treating doctor's opinion is that claimant could be rehabilitated for work within the limits, of her back pain * * *, and claimant reported to the psychiatrist that she would take light work right now if she could find it * * *.

"As to permanency, since secondary gain in the form of compensation payments is a part of the psychological mechanism in this case it follows that if that part of the secondary gain were to be removed the condition would

be expected to improve. I conclude that the disability in this case is neither total nor altogether permanent."

The referee then ordered a 30 percent permanent partial disability award. The Board agreed in general with the referee, but reduced the award without explanation to the original 10 percent which respondent's evaluation division had originally proposed.

■■ We agree with the referee and the Board on causation. To be compensable, it is not necessary that the neurosis be *caused* by claimant's industrial injury. It is enough that the neurosis is now exaggerated to a degree which would not have occurred but for her injury. *See Patitucci v. Boise Cascade Corp., supra.* As to the degree of disability, we find that the evidence preponderates in favor of the referee's opinion. Certainly, claimant's disability exceeds 10 percent; 30 percent seems reasonable. Her claim of total disability does not.

The judgment of the trial court is reversed. The case is remanded with instructions to direct the Board to reinstate the referee's award.

Reversed and remanded with instructions.